JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8558 PA (PLAx) | Date | December 10, 2013 |
|---|---|---|---|
| Title | Rosanna Mendez, et al. v. SEIU Local 721, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Service Employees International Union ("Removing Defendant") with the consent of co-defendant SEIU Local 721 on November 19, 2013. (Docket No. 1.)

### I.     Background

Plaintiffs Rosanna Mendez, Angel Harb, Kevin Ihrke, Cory Cordova and Alvaro Chavez ("Plaintiffs") filed an action alleging that defendants committed a number of violations of the California Labor Code and California common law by retaliating against Plaintiffs and terminating them.

Plaintiffs commenced this action by filing a Complaint in Los Angeles County Superior Court on September 3, 2013. Removing Defendant asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331. In particular, Removing Defendant argues that Plaintiffs' state law claim for breach of oral/implied contract is preempted by § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Removing Defendant asserts that plaintiffs Harb and Cordova were members of the Union of Union Representatives ("UUR") while they were employed with the International and that the terms of their employment were set forth in the collective bargaining agreement ("CBA") between the International and UUR. Removing Defendant asserts that this Court has supplemental jurisdiction over the other state law claims because they are so related that they form part of the same case or controversy. 28 U.S.C. § 1367.

### II.    Legal Standard: Removal

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8558 PA (PLAx) | Date | December 10, 2013 |
|---|---|---|---|
| Title | Rosanna Mendez, et al. v. SEIU Local 721, et al. | | |

seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

### III.    Analysis

Removing Defendant has not asserted a satisfactory basis for this Court's jurisdiction.  Removing Defendant claims the Court has federal question jurisdiction over this case because the action arises under federal law, namely § 301 of the LMRA.  Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985).  This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.  Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id.  However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8558 PA (PLAx) | Date | December 10, 2013 |
|---|---|---|---|
| Title | Rosanna Mendez, et al. v. SEIU Local 721, et al. | | |

> other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060; see also Detabali v. St. Luke's Hospital, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted) ("The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim.").

Here, the Complaint alleges that defendants treated the plaintiffs as "a single group of hostile employees" and "committed similar acts of retaliation, discrimination and broken promises." Plaintiffs allegedly reached oral agreements with the International to work for it instead of bringing suit against Local 721, who was on the verge of terminating Plaintiffs in August 2012. Plaintiffs further allege that the International violated these oral contracts by terminating or constructively discharging each plaintiff within nine months of hiring them. The Complaint asserts nine causes of action. Three of the claims cite violations of the California Labor Code, and the other claims arise out of California common law or state law. Accordingly, these claims arise under state law.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8558 PA (PLAx) | Date | December 10, 2013 |
|---|---|---|---|
| Title | Rosanna Mendez, et al. v. SEIU Local 721, et al. | | |

Given that Plaintiffs' claims are based on rights conferred by state law and may therefore be resolved without interpretation of the collective bargaining agreements, they do not "substantially depend" on such interpretation. The Notice of Removal asserts that federal question jurisdiction exists over this action because the terms of plaintiffs Harb and Cordova's employment with the International were governed by a CBA. (See Notice of Removal ¶ 5-8.) Therefore, Removing Defendant argues, Plaintiffs' breach of oral/implied contract claims against the International are preempted by the LMRA.

However, Removing Defendant points to no disputed or ambiguous terms or provisions in the CBA that will require interpretation by the Court. Plaintiffs claims are primarily based on retaliation, wrongful or tortious discharge, and misrepresentations by the defendants. Although reference to the terms of the CBA may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. Cal. 1993) ("The Bargaining Agreement may be crystal clear – that all or no employees need such verification forms – but Fox nonetheless may have ignored the Bargaining Agreement in Ramirez's case or applied it to her in a discriminatory manner. Thus, reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms.").

Further, it is irrelevant that the collective bargaining agreements might provide for similar claims under their own terms. "[E]ven if dispute resolution pursuant to a [collective bargaining agreement], on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988). "Interpreting and not just looking at or referencing the CBA is required for preemption." Cuc Dang v. Sutter's Place, Inc., 2010 U.S. Dist. LEXIS 124875 at *10 (N.D. Cal. Nov. 24, 2010). Accordingly, Removing Defendant has failed to meet its burden to show that Plaintiffs' claims are preempted by the LMRA.

### Conclusion

Removing Defendant has not met its burden to demonstrate this Court's federal question jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC520112 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.